## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRIAN A. SEIGARS,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
DA-0752-15-0091-I-1

DATE: September 14, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony W. Walluk</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Kyle Little</u>, Esquire, Randolph Air Force Base, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant, a GS-12 Air Traffic Control Specialist (Terminal) with the 80th Flying Training Wing at Sheppard Air Force Base in Texas, was removed for "Deliberate Misrepresentation." The agency charged that, between approximately January 1 and May 1, 2014, he inflated the hours he worked by submitting Automated Time Attendance and Production System (ATAAPS) entries or other time cards showing that he worked approximately 91.75 hours more than he actually did. The agency referenced 22 incidents representing approximately $5000 in pay. Initial Appeal File (IAF), Tab 4, Subtabs 4a-4b, 4h. In effecting the action, the agency considered the appellant's past disciplinary record, an August 26, 2014 letter of reprimand he received for sleeping on duty. *Id.*, Subtab 4h.

¶3    On appeal, the appellant argued that the penalty of removal was too harsh. IAF, Tab 1 at 3. He requested a hearing. *Id.* at 2. During adjudication, the appellant acknowledged the errors that occurred in his time and attendance records, but he claimed that they were unintentional and were caused by the agency's lack of supervisory oversight and its failure to properly train employees on the ATAAPS. IAF, Tab 15.

¶4    In her initial decision, the administrative judge found that the agency proved the elements of misrepresentation by preponderant evidence. IAF,

Tab 25, Initial Decision (ID) at 6. Specifically, she found that the agency proved that the appellant supplied incorrect information and that he did so knowingly with the intention of defrauding, deceiving, or misleading the agency. ID at 6-9. The administrative judge further found that the agency's action promotes the efficiency of the service, ID at 9, and that removal is a reasonable penalty for the sustained charge, ID at 9-14, and she affirmed the agency's action, ID at 1, 14.

¶5   The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶6   The appellant does not deny that he provided incorrect information, but he contends that the administrative judge erred in finding that he did so with the intention of defrauding, deceiving, or misleading the agency. The intent to defraud or mislead the agency may be established by circumstantial evidence or inferred when the misrepresentation is made with a reckless disregard for the truth or with conscious purpose to avoid learning the truth. *See Whelan v. U.S. Postal Service*, 103 M.S.P.R. 474, ¶ 6 (2006), *aff'd*, 231 F. App'x 965 (Fed. Cir. 2007). Whether intent has been proven must be resolved by considering the totality of the circumstances, including the appellant's plausible explanation, if any. *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 10 (2014).

¶7   In finding that the agency established intent, the administrative judge first found that the appellant's testimony that he did not know how to enter leave in the ATAAPS until after he was confronted with the attendance discrepancies was at odds with his having correctly inputted a number of hours of annual and sick leave during the period at issue. ID at 7. She also considered the appellant's testimony that he could not open the PowerPoint slides that the agency provided to employees to explain the ATAAPS but found it contrary to the credible testimony of the 80th Flying Training Wing Resource Advisor that the appellant had called her office several times for assistance in using the System and that she provided such assistance to him. In addition, the administrative judge considered the appellant's claim that he might have supplied wrong information because he

did not know how to make changes to time cards that already had been submitted until after the period at issue but found it inconsistent with the testimony of one of his coworkers that, when he had to change a time card after it had been submitted, he asked for and received assistance either from his certifier or from the Wing Resource Advisor. ID at 7-8. The administrative judge also found the appellant's claim that his ATAAPS entries were simply innocent errors inconsistent with what she found was a pattern of his claiming more time than he actually worked and less leave than he actually took, information that he could access that should have revealed the discrepancies to him and which demonstrated on his part a reckless disregard for the truth. The administrative judge further found that the appellant personally benefited from his deception. ID at 8.

¶8    In disputing the administrative judge's finding that the agency proved that he provided the wrong information with the intention of defrauding, deceiving, or misleading the agency, PFR File, Tab 1 at 3-6, the appellant challenges the administrative judge's finding that the Wing Resource Advisor was credible in her hearing testimony, whereas the appellant himself was not, *id*. at 3-4. To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering a number of factors, as appropriate, set forth by the Board in its seminal case of *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (factors comprising the witness's opportunity and capacity to observe the event or act in question, the witness's character, prior inconsistent statement by the witness, a witness's bias, or lack of bias, the contradiction of the witness's version of events by other evidence or its consistency with other evidence, the inherent improbability of the witness's version of events, and the witness's demeanor). The Board must give due deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board

may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge found that the Wing Resource Advisor testified in a very clear, direct, and straightforward manner and that she was an extremely credible and knowledgeable witness, ID at 7, but that the appellant's testimony was not clear, direct, or straightforward and was inconsistent with specific evidence of record, which she detailed, ID at 6. Because the appellant has failed to provide sufficiently sound reasons for overturning the administrative judge's credibility determinations that were based on her observations of the witnesses' demeanor, we find it appropriate to defer to them. *Haebe*, 288 F.3d at 1302.

¶9      The appellant also argues that the administrative judge did not consider his claim that the only training the agency provided on ATAAPS, PowerPoint slides, did not provide adequate assistance for him in submitting his time and attendance records as evidenced by the fact that other employees had to ask for help. PFR File, Tab 1 at 5. On the contrary, the administrative judge did address this claim, but she found, considering the testimony of one of the appellant's witnesses, that assistance was available and that the appellant took advantage of such assistance. ID at 7.

¶10     The appellant also argues on review that, in finding that the appellant's actions were intentional, the administrative judge failed to give proper consideration to the fact that he had numerous illnesses and hospitalizations during the period at issue, causing him to use more leave than he had in the past, and that he had no motive to falsify his entries because he had sufficient leave balances when the first of his errors occurred and had recently won a significant amount of money in the lottery. PFR File, Tab 1 at 4, 8. These claims are properly considered under the totality of the circumstances in connection with the plausibility of the appellant's explanation. *Boo*, 122 M.S.P.R. 100, ¶ 10. As noted, the administrative judge did consider the appellant's claim that he did not

know how to properly request leave on the ATAAPS, but found it incredible. ID at 8. Whether the appellant had a motive to falsify his time and attendance is not indicative of whether he acted intentionally since motive reflects only an individual's inducement to do an act. *Black's Law Dictionary* 891 (9th ed. 2009). In any event, to the extent that the administrative judge may have considered the appellant's leave balances or his lottery winnings, it is well established that failure to mention all of the evidence of record does not mean that the administrative judge did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶11　　　　The appellant also argues on review that, in analyzing the penalty, the deciding official failed to properly consider the factors set forth by the Board in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). PFR File, Tab 1 at 11-12. Specifically, the appellant contends that the deciding official did not give adequate consideration to his lack of prior discipline, the fact that the incidents did not affect his function at work, that "he did not have notice until afterwards," and that his numerous medical problems during the period at issue resulted in a high number of days absent. *Id.* at 12.

¶12　　　　The record reflects that the appellant received a letter of reprimand on August 26, 2014, for an incident of sleeping on duty that occurred on May 29, 2014. IAF, Tab 4, Subtab 4i, Subtab 4n at 1. In the *Douglas* factor checklist that the deciding official completed, he noted the letter of reprimand under Employee's Past Disciplinary Record but indicated that it was a "neutral" factor, not aggravating or mitigating, *id.*, Subtab 4c at 2, and at hearing, he testified that the letter of reprimand was not a significant factor in his penalty analysis, Hearing Compact Disc (HCD). The administrative judge found that the letter of reprimand met the criteria for consideration as past discipline, *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339‑40 (1981) (stating that the Board's review of a prior disciplinary action is limited to determining whether

that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline), but she credited the deciding official's testimony that he was not influenced by the letter of reprimand, and it does not appear that the administrative judge construed it to be an aggravating factor in her review.  ID at 13.  In fact, the appellant should not have been considered to have had any past discipline because, at the time of the offense for which he was removed (January‑May 2014), he had no disciplinary record, as the letter of reprimand was issued on August 26, 2014.  *See Wigen v. U.S. Postal Service*, 58 M.S.P.R. 381, 384‑85 (1993).  To the extent that the administrative judge erred in considering the letter of reprimand, however, any such error did not prejudice the appellant's substantive rights because the administrative judge found, and we agree, that, even in the absence of any prior discipline, removal is a reasonable penalty for the sustained charge.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶13	In considering the effect of the appellant's offense on his ability to perform his duties and on his supervisor's confidence in him, the deciding official acknowledged that the appellant's misconduct did not affect his ability to do his job or his supervisor's confidence or trust in his ability to do his job, but that it did affect his confidence in the appellant's ability to uphold the organization's mission.  IAF, Tab 4, Subtab 4c at 3.  The deciding official's testimony was in accord as he described the appellant's high level of responsibility as a Watch Supervisor and instructor in the Air Traffic Control facility and explained that the misconduct he committed diminished the overall trust he had in the appellant.  HCD.

¶14	Regarding the appellant's claim that he "did not have notice until afterwards," the deciding official determined, and the administrative judge found,

that the appellant knew or should have known, when he completed his time and attendance records as he did, that he was representing that he worked approximately 91.75 hours more than he actually did. IAF, Tab 4, Subtab 4b; ID at 8. That conclusion is unaffected by the fact that the agency did not discover the discrepancies until sometime after the appellant entered the data.

¶15    The appellant next argues that his medical problems and related absences should have been considered a mitigating factor, rather than a "neutral" factor as the deciding official described it. He found that the appellant's medical problems and absences did not affect his ability to properly fill out his time card or otherwise affect his judgment. IAF, Tab 4, Subtab 4c at 7. The administrative judge agreed, finding that any claim that the appellant's sleep apnea contributed to his misconduct was inconsistent with evidence that he otherwise performed adequately at work and submitted leave in ATAAPS properly for some absences. ID at 12.

¶16    Because the agency's charge has been sustained, the Board's review of the penalty selection is limited to determining whether it is so excessive as to be an abuse of discretion or is otherwise arbitrary, capricious, or unreasonable. *Douglas*, 5 M.S.P.R. at 302. The administrative judge found that the deciding official carefully considered the appropriate *Douglas* factors, both aggravating and mitigating, in determining to remove the appellant, and that removal for the sustained charge is otherwise within the tolerable limits of reasonableness. ID at 10-13. In considering the appellant's challenges to that finding, we agree that his misconduct is serious, that his actions caused his supervisor to lose trust in him, that no similarly situated employees were treated more favorably,[2] that the appellant was aware that his actions would be considered inappropriate, that he

---

[2] The agency found that, during the period at issue, two of the appellant's coworkers also had discrepancies in their time and attendance records, but that, because the coworkers had only minor infractions of 3 hours and 8¼ hours, as opposed to the appellant's 91.75 hours, they were not valid comparators. IAF, Tab 4, Subtab 4d at 1-2.

lacked rehabilitative potential based on his refusal to take responsibility for his actions, and that there was a lack of alternative sanctions to deter such actions in the future. Further, we agree with the administrative judge that, notwithstanding the appellant's years of service and acceptable performance, the penalty of removal is within the tolerable limits of reasonableness for the sustained charge.

¶17    Accordingly, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se

Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.